

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 10, 1939

Dr. T. J. Crowe, Secretary
Texas State Board of Medical Examiners
Mercantile Building
Dallas, Texas

Dear Dr. Crowe:

Opinion No. 0-579
Re: Constructions of articles
4500, 4501, 4503 and 4504

We have received your request for an opinion construing the recently amended articles 4500, 4501, 4503 and 4504, Revised Civil Statutes.

You asked if the graduates of certain schools are eligible for the examination provided they present a diploma to the Board from such a school and a certificate of credit from the University of Texas for 60 semester hours of college work, in other than a medical school.

In our opinion a graduate of the schools named in your letter, is entitled to take the examinations provided the school from which his diploma came is a reputable medical school as is defined in the amended Act, article 4501, Revised Civil Statutes.

This article defines a reputable medical school as follows:

"A reputable medical school shall maintain a course of instruction of not less than four terms of eight months each; shall give courses of instruction in the fundamental subjects named in article 4503 of the

Revised Civil Statutes of 1925, as amended by this Act; and shall have the necessary teaching force, and possess and utilize laboratories, equipment and facilities for the proper instructions in all of said subjects....."

When the application is presented it will be your duty to determine if the diploma is from a reputable medical school within the definition of the article quoted above. As to the requirement of 60 semester hours of college credit, we do not understand the statute to require that the credit be acquired at the University of Texas, but they must be such credits as would be acceptable to the University of Texas for credit on a Bachelor of Arts or a Bachelor of Science Degree.

Article 4501, Revised Civil Statutes, also requires that 60 hours credit must be or have been acceptable at the time of completing same to the University of Texas for credit on one of the named degrees. We do not believe the statute requires that 60 hours credit be acquired prior to the acquisition of the diploma from a reputable medical college. The medical college may, if it desires, enlarge the requirements necessary for matriculation. The people of this state are protected by the requirement that such person take the medical examination, and he must pass an examination of the Board before he is entitled to a license to practice medicine in this state.

You also asked for our opinion of the language of article 4500, Revised Civil Statutes, as amended, with reference to reciprocal granting of licenses to physicians of other states. The limitation of this article is that the Board of Medical Examiners in this state shall not grant a license to practice medicine in this state to an applicant who does not hold a license issued by another state, territory or district of the United States, giving to

him the same right to practice medicine in the state,
territory or district issuing said license, which a
license to practice medicine in this state gives to
a physician of this state in Texas.  In our opinion,
if a person has a limited license in another state,
he would not be entitled to a general license to prac-
tice medicine as is issued by the Board of this State.
The applicant for a license in this state must have
a license in the state from which he came that would
permit him to engage in the same type of practice as
is permitted by a Texas license.

In answer to your request for an opinion
as to the rights of those students now regularly en-
rolled in medical college to take the examination
of the Board in Texas upon the completion of their
courses, we think that article 4501, as now written,
intends that all of those persons now regularly en-
rolled in a medical school whose graduates are at
this time permitted to take the examination in Texas,
may upon the completion of their work, be entitled
to take the examination in Texas.  That seems to be
for the benefit of those persons that are now enrolled
in a school that might not be recognized as a reputable
medical school under the amended requirements of our
Act.  In our opinion the amended article, 4501, Revised
Civil Statutes, does not attempt to take care of those
persons that desire to take the examination in a foreign
language but prescribes that the persons now enrolled
in a school whose graduates are now permitted to take
the examination may take the examination upon gradua-
tion.  But, the Act prescribes that the examination
be the examination as is prescribed herein and does
not refer to the past requirements or to procedure with
reference to the examination.

In answer to your question as to whether a
creed or an organized group may maintain an office
for the curing of diseases, we are, of course, bound
by the expression of the Legislature.  Article 4504
of our Revised Civil Statutes and article 740 of our
Penal Code both specifically state that nothing in
this Act shall be construed so as to discriminate



Dr. T. J. Crowe, May 10, 1939, Page 4

against any particular school or system of medical practice, nor to effect or limit in any way the application or use of the principal, tenets or teachings of any church in the ministrations to the sick or suffering by prayer, without the use of any drug or material remedy.

The above article does provide, however, that all of those so ministering or offering to minister to the sick or suffering by prayer shall refrain from maintaining offices except for the purpose of exercising the principals or beliefs of the church of which they are bona fide members. This article refers to those persons, organizations or creeds that attempt to minister to their members by prayer. We find nothing in the Act that would extend the limitation to allow those persons to adopt as a part of their creed physical manipulations and that would permit them to maintain an office for the purpose of practicing those manipulations. We do not think the statute would prohibit the attempt by any creed or religious group from attempting to heal by prayer so long as they did not attempt to use any drug or material remedy.

We trust that this answers your inquiry as our construction of Acts 4500, 4501, 4503 and 4504 of our Revised Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By **Morris Hodges**
Morris Hodges
Assistant

MH:OMB

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN